IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELEN BENALLY,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

No. 13-CV-0604-MV-SMV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States' Motion to Dismiss Plaintiff's Claims Not Raised in her Tort Claims Notice for Lack of Jurisdiction [Doc. 80]. Plaintiff Benally timely responded and the government replied. *See generally* Docs. 82, 84. The Court, having considered the Motion, briefs, attached materials, relevant law, and being otherwise fully-informed, finds that Defendant's Motion to Dismiss is well-taken and therefore will be **GRANTED.**

## BACKGROUND

The facts pertinent to the resolution of the instant dispute are easily summarized. On March 11, 2011, the United States Department of Health and Human Services ("HHS") received a Standard Form 95 ("SF-95") Claim for Damage, Injury, or Death, signed by Plaintiff Helen Benally on March 8, 2011. *See* Doc. 80 at 1. *See also* Doc. 80-1 at 1; Doc. 82 at 1-2. Plaintiff then submitted an amended administrative tort claim notice on May 7, 2014, which the government received one

1

week later, on May 14, 2012. *See* Doc. 80 at 1-2; Doc. 82 at 1-2. The relevant text of these two claims is largely identical and each is quite brief. The first administrative claim, submitted on March 8, 2011, stated:

> On November 23, or thereabouts, Helen Benally underwent surgery at the Gallup Indian Medical Center in New Mexico. She had a total hip replacement (left hip). The new hip failed after some months passed. The hip replacement equipment gave way and separated, causing severe pain, and serious mobility problems. The surgery at GIMC was performed negligently, below the standard of care. Further surgery became necessary. Permanent damage.

Doc. 82 at 1. *See also* Doc. 80-1 at 1. Similarly, the entirety of the "amended" notice of tort claim reads:

> On November 23, 2008, or thereabout, Helen Benally underwent surgery on her left hip surgery [sic] at the Gallup Indian Medical Center in New Mexico. Ms. Benally's left hip surgery was mishandled causing Ms. Benally severe pain and serious mobility programs [sic]. The surgery at GIMC was performed negligently and below the standard of care, causing permanent damage. Further surgery became necessary.

Doc. 82 at 2. *See also* Doc. 80-2 at 1. The only substantial difference between the above-quoted "amended" claim and the original is that in her initial claim, Plaintiff specified that she "had a total hip replacement (left hip)" and that the "new hip failed after some months passed" adding that the "hip replacement gave way and separated, causing severe pain, and serious mobility problem." Doc. 82 at 1. *See also* Doc. 80-1 at 1.

The government argues that some of Plaintiff's claims in the action now before the court must be dismissed because they were not raised in either of these two notices. Plaintiff responds that her amended notice should be read as encompassing all potential theories of medical negligence liability. *See* Doc. 82 at 5.

2

The Court finds that even a charitable reading of the documents submitted to HHS do not implicate the issue of informed consent, such that any claims predicated on such a theory of recovery must now be dismissed.

## DISCUSSION

### I. Presentment Under the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") effects a "broad waiver of sovereign immunity" for torts arising out of the conduct of employees of the United States. *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013). In enacting the FTCA, however, "Congress defined the terms and conditions under which the United States may be sued in tort," including a set of mandatory administrative and procedural requirements. *Coffey v. United States*, 906 F. Supp. 2d 1114, 1149 (D.N.M. 2012) (Browning, J.). These requirements are often strict and failure to comply may result in the dismissal of some or all of a Plaintiff's claims. *See, e.g.*, *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("The FTCA defines the terms upon which the United States may be sued for certain torts and absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it.") (modification original, internal quotation marks omitted).

As is pertinent here, 28 U.S.C. § 2675 provides that "[a]n action shall not," subject to certain exceptions not relevant in this case, "be instituted upon a claim against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally

denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. 2675(a). The Tenth Circuit has held that compliance with this presentment requirement is "jurisdictional and cannot be waived." *Estate of Tentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). *See also Morrison v. Kache*, 576 F. App'x 715, 717 (10th Cir. 2014) ("The [notice] requirements are jurisdictional and cannot be waived.") (modification original, internal quotation marks omitted). While such a claim "need not elaborate all possible causes of action or theories of liability," it must be sufficiently detailed to give "notice of the facts and circumstances underlying a claim." *Estate of Trentadue*, 397 F.3d at 852-853 (internal quotation marks omitted).

## II.   Plaintiff's Informed Consent Claims

Here, there is no dispute that Plaintiff timely submitted an SF95 notice of tort claim, followed, approximately one year later by an amended claim. *See generally* Docs. 80-1, 80-2. Instead, the sole point of contention is whether the above-quoted documents submitted to HHS gave adequate notice to the agency of all the claims on which Benally now sues the United States. *See* Doc. 80 at 6-7; Doc. 82 at 2. Specifically, the government contends that "neither of Plaintiff's SF-95 forms contains any allegations regarding the lack of informed consent or any facts that arguably would place the Agency on notice that Plaintiff is alleging a medical provider's failure to inform her about the nature of her procedure, the possible risks associated with it or the possible complications thereafter." Doc. 80 at 7. The Court agrees.

4

The Tenth Circuit's opinion in *Staggs v. United States ex rel. Dept. of Health and Human Services* is instructive on this point. There, the court adopted "case-by-case approach" to the question of whether an "administrative claim lacks facts and circumstances sufficient to raise the possibility of lack of informed consent." *Staggs v. United States ex rel. Dept. of Health and Human Services*, 425 F.3d 881, 885 (10th 2005). In doing so, the Tenth Circuit expressly "decline[d] to adopt the Fifth Circuit's view that an administrative claim for medical negligence necessarily includes lack of informed consent when the underlying state law treats lack of informed consent as negligence." *Id.* *Contra* Doc. 82 at 10.

Here, the Court finds that Plaintiff's claim does not describe sufficient facts to give HHS notice of a claim predicated on the absence of informed consent or the inadequate description of the available options. As the panel in *Staggs* reasoned, nothing in Plaintiff's "administrative claim suggests that [Plaintiff] consented to a course of treatment or remained on such a course without being informed of her options and the risks. There are no allegations, for instance, that [Plaintiff] was unaware or misinformed as to the direction, scope or potential consequences of her [] treatment." *Id.* at 884-85. So it is in the case at bar. Both of Benally's SF95 forms focus, in their entirety, on the manner in which the surgery was performed, rather than the conduct of her physician *before* the surgery. There is simply nothing in either document that could have given notice to HHS that Plaintiff believed that she was inadequately informed of the risks inherent in the procedure or that her consent to surgery was otherwise invalid.

5

Plaintiff draws attention to the fact that the court in *Staggs* commented on the "length and factual specific" of the plaintiff's "description of her claim without a mention of 'consent' or a suitable synonym" and that the court "deem[ed] it noteworthy that [plaintiff's] complaint is silent regarding the lack of informed consent." *Id.* at 885.  However, these features merely appear to have confirmed the court's conclusion, rather than justified it in the first instance.  Moreover, given that the relevant analysis focuses on the sufficiency of the notice supplied to the agency, rather than the intent or capacity of the prospective plaintiff, the Court is skeptical of attempts to ground notice on what a claimant did *not* say.  *See Estate of Trentadue*, 397 F.3d at 852-853 (stating that a prospective plaintiff must give adequate "notice of the facts and circumstances underlying a claim.")

Holding that Plaintiff did not describe facts that would raise the issue of informed consent does not, as Plaintiff insists, "require at the earliest stage of a claim that it be set out in the equivalent of a pleading, or require a commitment to a particular set of facts that prove negligence." Doc. 82 at 4.  Rather, as discussed above, the statute merely demands that Benally offer facts that would enable the government to investigate her claims effectively.  In this case, that would have required at least some indication, phrased in whatever manner suited Plaintiff, that her physician did not warn her of the risks posed by the procedure or did not give her options with respect to the surgery he performed.

The administrative claim at issue in *Coffey v. United States* is illustrative. There, the court confronted a relatively sparse ninety-word notice of tort claim,

6

which, "while short and plain," stated that the decedent "was being denied necessary medical attention, that his medical condition was ignored, that this neglect happened while he was incarcerated, and also state[d] that he was transferred." *Coffey*, 906 F. Supp. 2d at 1154. Thus, while the document was brief and informal, it nonetheless asserted that the decedent had been "medical condition was ignored, that he was denied medication, and that he was transferred by the BIA." *Id.* Therefore, it was sufficiently clear to "g[i]ve the BIA notice of the facts and circumstances surrounding [decedent's] medical needs and subsequent death to provide the BIA notice that it should have investigated the underlying conduct of [decedent's] transfer, and his medical records and medications." *Id.*

This analysis stands in contradistinction to the instant case in which Benally made no mention whatsoever of any fact that would lead the agency to suspect that Plaintiff believed that she had been inadequately informed of the risks of, and alternatives to, the surgery she underwent. *See also Bethel v. U.S. ex rel. Veterans Admin. Med. Ctr. of Denver, Colorado*, 495 F. Supp. 2d 1121, 1124 (D. Colo. 2007) (holding that an administrative claim which "focused on actions relating to [plaintiff's] treatment during a surgical procedure on a specific date, are simply not those that would put the government on notice to investigate the [agency's] failures in credentialing [the physician] or monitoring her competency.").

### III. The Impact of *United States v. Wong*

Finally, contrary to Plaintiff's argument, the Supreme Court's recent decision in *United States v. Wong* does not alter the Court's analysis. In *Wong*, the Supreme

Court held that the FTCA's statute of limitations is not jurisdictional and, as a result, may be equitably tolled in appropriate circumstances. *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015). Nothing in that decision, however, represents a significant departure from prior Supreme Court precedent. To the contrary, the Court in *Wong* explained that in *Irwin v. Dept. of Veterans Affairs*, it had already held that the "'rebuttable presumption of equitable tolling' should also apply to suits brought against the United States under a statute waiving sovereign immunity." *Id.* at 1631 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990)). In this way, *Wong* is merely the logical application of *Irwin* to the time bar included in FTCA. On this view, the Court sees no reason to believe that *Wong* calls into question the jurisdictional character of requirements other than statutes of limitations; it merely applied a pre-existing and generally-applicable analysis to the specific case of the FTCA.

Importantly, the Supreme Court had the benefit of its own decision in *Irwin* when, three years later, it decided *McNeil v. United States*. There, the Supreme Court reaffirmed that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and that "[b]ecause petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit" for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Had the Supreme Court believed that the jurisdictional nature of the presentment requirement in 28 U.S.C. § 2675(a) had been called into question by the propositions set forth in *Irwin*, then surely it would have given some

8

indication as to this possibility. In aggregate, then, the Court does not view *Wong* as a "significant" change to "the legal landscape" and finds that it is entirely inapposite here. Doc. 82 at 2.

## CONCLUSION

All of Plaintiff's claims predicated on facts not presented in the administrative claims in this case, including those predicated on theories of inadequate information or uninformed consent, must be dismissed for lack of subject matter jurisdiction. In the Court's estimation, this leaves for trial only the question of whether the post-operative care furnished by Dr. Poe was negligent, to the extent that such relief is not foreclosed by the disposition of the Defendant's Motion for Summary Judgment. *See generally* Doc. 79. Of course, as explained above, any such claims would also have to have been fairly raised in the administrative claims submitted to HHS, but that question is not before the Court.

**IT IS THEREFORE ORDERED that** the United States' Motion to Dismiss Plaintiff's Claims Not Raised in her Tort Claims Notice for Lack of Jurisdiction [Doc. 80] is well-taken and therefore will be **GRANTED.**

Dated this 22nd day of October, 2015

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

**Roberto D. Ortega**
Assistant U.S. Attorney
*Attorney for the Defendant*

**Scott E. Borg**
Barber & Borg, LLC
*Attorney for the Plaintiff*