IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HELEN BENALLY**,

      Plaintiff,

vs.

**UNITED STATES OF AMERICA**,

      Defendant.

No. 13-CV-0604-MV-SMV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States' Second Motion to Dismiss Plaintiff's Claims Not Raised in Her Tort Claims Notice for Lack of Jurisdiction [Doc. 87]. Plaintiff Benally timely responded and the government replied. *See generally* Docs. 90, 93. The Court, having considered the Motion, briefs, attached materials, relevant law, and being otherwise fully-informed, finds that Defendant's Motion to Dismiss is well-taken and therefore will be **GRANTED.**

## BACKGROUND

This Motion presents a question roughly identical to that posed by Defendant's [First] Motion to Dismiss Plaintiff's Claims Not Raised in Her Tort Claims Notice for Lack of Jurisdiction [Doc. 80]. Accordingly, the Court will assume familiarity with the factual and procedural background articulated in the Memorandum Opinion and Order that disposed of that Motion. *See generally* Doc. 86. Indeed, the Court views the instant Memorandum Opinion and Order as merely

1

a logical extension of conclusion to which the Court arrived in its previous decision. The relevant question posed by this Motion is whether Plaintiff Helen Benally's two tort claim notices submitted to the United States Department of Health and Human Services ("HHS") adequately raise the issue of post-operative negligence. As explained in the Court's prior Memorandum Opinion and Order, the first administrative claim, submitted on a Standard Form 95 ("SF-95") on March 8, 2011, stated:

> On November 23, or thereabouts, Helen Benally underwent surgery at the Gallup Indian Medical Center in New Mexico. She had a total hip replacement (left hip). The new hip failed after some months passed. The hip replacement equipment gave way and separated, causing severe pain, and serious mobility problems. The surgery at GIMC was performed negligently, below the standard of care. Further surgery became necessary. Permanent damage.

Doc. 82 at 1. *See also* Doc. 80-1 at 1. An "amended" tort claim notice was submitted approximately two months later, on May 7, 2014; that claims reads:

> On November 23, 2008, or thereabout, Helen Benally underwent surgery on her left hip surgery [sic] at the Gallup Indian Medical Center in New Mexico. Ms. Benally's left hip surgery was mishandled causing Ms. Benally severe pain and serious mobility programs [sic]. The surgery at GIMC was performed negligently and below the standard of care, causing permanent damage. Further surgery became necessary.

Doc. 82 at 2. *See also* Doc. 80-2 at 1. As is apparent from the text reproduced above, the two claims submitted to HHS are virtually identical. The sole substantive difference between the two claims is that in her original claim, Plaintiff alleged that the "new hip failed after some months passed" and that "hip replacement gave way and separated, causing severe pain, and serious mobility problem." Doc. 82 at 1. *See also* Doc. 80-1 at 1.

2

As with the first Motion to Dismiss, the United States now argues that "because Plaintiff failed to exhaust such claims at the administrative level," all "allegations of negligence regarding Plaintiff's post-surgical care are subject to dismissal." Doc. 87 at 3. Specifically, Defendant contends that Plaintiff's administrative claims "fail to state facts that would give rise to claims in her judicial complaint alleging that Dr. Poe or other government employees mishandled Plaintiff's post-surgical care" such that the Court now lacks subject matter jurisdiction over this action. *Id.* at 5-6. In response, Plaintiff argues that the "Notice plaintiff submitted informed the government that her injury occurred over a period of months after the hip pinning surgery," and that "Plaintiff did not limit her claim to the narrow confines of the surgery itself." Doc. 90 at 3. For much the same reasons as described in its prior Memorandum Opinion and Order, the Court finds that "even a charitable reading of the documents submitted to HHS do not implicate the issue of" post-operative care, "such that any claims predicated on such a theory of recovery must now be dismissed." Doc. 86 at 3.

## DISCUSSION

**I.  Presentment Under the Federal Tort Claims Act**

As this Court has explained before, the Federal Tort Claims Act ("FTCA") effects a "broad waiver of sovereign immunity" for torts arising out of the conduct of employees of the United States. *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013). This waiver, however, is not unlimited and, in enacting the FTCA, "Congress defined the terms and conditions under which the United States may be

sued in tort," including a set of mandatory administrative and procedural requirements.  *Coffey v. United States*, 906 F. Supp. 2d 1114, 1149 (D.N.M. 2012) (Browning, J.).  These requirements are often strict and failure to comply may result in the dismissal of some or all of a Plaintiff's claims.  *See, e.g.*, *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("The FTCA defines the terms upon which the United States may be sued for certain torts and absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it.") (modification original, internal quotation marks omitted).

   Of these requirements, one is pertinent in the instant case.  The "presentment" requirement contained in 28 U.S.C. § 2675 provides that "[a]n action shall not," subject to certain exceptions not relevant in this case, "be instituted upon a claim against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. 2675(a).  Notwithstanding Plaintiff's insistence to the contrary, the Tenth Circuit has held that compliance with this presentment requirement is "jurisdictional and cannot be waived."  *Estate of Tentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).  *See also Morrison v. Kache*, 576 F. App'x 715, 717 (10th Cir. 2014) ("The [notice] requirements are jurisdictional and cannot be waived.") (modification original, internal quotation marks omitted).  While such a claim "need not elaborate all possible causes of action or theories of liability," it must be

4

sufficiently detailed to give "notice of the facts and circumstances underlying a claim." *Estate of Trentadue*, 397 F.3d at 852-853 (internal quotation marks omitted).

As the Court explained in its prior Memorandum Opinion and Order, the United States Supreme Court decision in *United States v. Wong* is entirely inapposite in this case. *See* Doc. 86 at 7-9. *See also United States v. Wong*, 135 S. Ct. 1625, 1638 (2015). Succinctly stated, in *Wong*, "the Supreme Court held that the FTCA's statute of limitations is not jurisdictional and, as a result, may be equitably tolled in appropriate circumstances." Doc. 86 at 7-8 (citing *Wong*, 135 S. Ct. at 1638). However, nothing in *Wong* "represents a significant departure from prior Supreme Court precedent" such that "the Court sees no reason to believe that *Wong* calls into question the jurisdictional character of requirements other than statutes of limitations; it merely applied a pre-existing and generally-applicable analysis to the specific case of the FTCA." Doc. 86 at 8. Thus, the Court will continue to hold in this case that the "presentment" requirement contained in 28 U.S.C. § 2675 is jurisdictional.

## II. Plaintiff's Post-Operative Care Claims

As with Defendant's previous Motion to Dismiss, the sole point of contention between Plaintiff and Defendant is whether the language in the two SF-95s submitted to HHS satisfied the FTCA presentment requirement. The Court agrees with the United States that "Plaintiff's failure to state any facts in either of her SF-95 forms regarding her postsurgical care is fatal to the survival of those allegations in her Complaint." Doc. 87 at 7. The Court is led to this conclusion by reasoning

virtually identical to the logic it employed in its previous memorandum opinion and order.

At least two decisions rendered by the United States Court of Appeals for the Tenth Circuit are apposite here.  In *Salas v. United States,* the court confronted a situation in which a citizen of the United States was refused re-entry to the United States in 2001, then again in 2007, and finally arrested for unlawful re-entry in 2008.  *See Salas v. United States*, 527 F. App'x 813, 814 (10th Cir. 2013).  The citizen and his mother filed administrative tort claims with the Department of Homeland Security and eventually brought suit pursuant to the FTCA, including for Negligent Infliction of Emotional Distress ("NIED")suffered by the citizen's mother.  *See id.* at 814-15.  The United States District Court for the District of Colorado eventually dismissed plaintiffs' claims.  *See id.* at 815-16.

In partially affirming the district court's dismissal of the NIED claims, the panel noted that the operative civil complaint alleged NIED arising from "his 2001 and 2007 deportations and from his detention and release in March 2008," but that the administrative tort claim "referenced all of these bases ***except for*** distress arising from" the 2008 release.  *Id.* at 816 (emphasis added).  "Thus," the court held, "to the extent" that the "NIED claim is based on alleged emotional distress she suffered as a result of ICE's release of [the citizen] in El Paso on March 31, 2008, the district court lacked jurisdiction because she did not present that basis of her claim to the DHS."  *Id.* at 816-17.  Accordingly, in parsing the administrative claims, the Tenth Circuit not only distinguished between notice of earlier, similar

6

incidents, but also between events that logically form part of the same series of occurrences, namely, the citizen's detention and subsequent release.

So it is here. Benally's claim submitted to HHS only references the fact that the "new hip failed after some months passed," and that "Ms. Benally's left hip surgery was mishandled causing Ms. Benally severe pain and serious mobility programs [sic]." Doc. 82 at 1-2. Nowhere in Plaintiff's two submissions to HHS does she mention anything about the quality of the post-operative care that she received, nor does she aver any facts from which the United States could have concluded that Plaintiff believed that the post-operative care provided to her contributed to her injuries. As the reasoning in *Salas* makes apparent, merely noting that the surgery was performed negligently and that the hip failed after weeks or months ***does not*** suffice to present a claim for negligent post-operative care to HHS. Therefore, this Court lacks subject matter jurisdiction over any such claim.

The Tenth Circuit faced a similar situation in *Kikumura v. Osagie*. See *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006) *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *as explained in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008). In that case, "Yu Kikumura, a federal prisoner, became severely ill one afternoon in his cell." *Id*. at 1273. Approximately "eight hours passed between the time when he first reported feeling sick and when he was finally taken to a doctor; a delay that Mr. Kikumura believes caused him severe injury and almost cost him his life." *Id*. Accordingly, Kikumura

7

filed an administrative tort claim, and, eventually a civil suit in the United States District Court for the District of Colorado, "alleging various Eighth Amendment and state tort claims against a number of different prison officials and the United States." *Id.* The district court dismissed the entire case and plaintiff appealed. In affirming the district court's dismissal of plaintiff's claim, the panel explained that "the FTCA requires that claims for damages against the government be presented to the appropriate federal agency by filing ... a written statement sufficiently describing the injury to enable the agency to begin its own investigation." *Id.* at 1302 (internal quotation marks omitted). Therefore, the panel concluded, because "the administrative tort claims [plaintiff] filed with the BOP fail to mention the possibility that his injuries were caused by the inadequate training and supervision of [prison] staff," plaintiff "failed to exhaust his 'respondeat superior and/or supervisory liability' FTCA claim," such that the district court lacked subject matter jurisdiction over those claims.

Application of this analysis to the facts of the instant case makes patent that the administrative claims submitted to HHS do not fairly raise the issue of negligent post-operative care in a manner that would have given notice to HHS. That is, in *Kikumura*, the Tenth Circuit found that plaintiff's relatively unadorned allegations that prison officials acted negligently ***did not*** give adequate notice of claims for negligent training or supervision. The same can be said here: allegations regarding the performance and result of a surgical procedure do not give adequate notice of any claim regarding post-operative care.

8

None of Plaintiff's arguments is to the contrary.  First, Plaintiff's insistence that she did not limit her claim to the "narrow confines of the surgery itself" inverts the burden imposed by the FTCA.  As the Tenth Circuit has made clear, the plaintiff must provide the government with "a written statement sufficiently describing the injury to enable the agency to begin its own investigation." *Estate of Trentadue*, 397 F.3d at 852.  Hence, it is not the government's obligation to cast about in the wilderness for every possible source of liability lurking in an administrative claim; rather, the language of the claim itself must serve as a competent guide that, at very least, points the agency to the correct areas of inquiry.

Second, counsel's suggestion that as "an elderly Navajo person" who "lacks any kind of sophisticated medical knowledge," Plaintiff need only meet diminished requirements when submitting an administrative tort claim is legally inapposite.  Doc. 90 at 3.  Put simply, the FTCA focuses on the adequacy of notice, not the effort or capacity of the claimant.  *See Bethel v. United States ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, 495 F. Supp. 2d 1121, 1126 (D. Colo. 2007) ("whether plaintiffs were diligent or acted in good faith in attempting to bring the negligent credentialing claim is simply immaterial to whether plaintiffs presented sufficient information to the government of that claim to satisfy the FTCA's jurisdictional notice requirements.").  *See also Estate of Trentadue*, 397 F.3d at 852 (noting that the FTCA requires "written statement sufficiently describing the injury to enable the agency to begin its own investigation" and thus focusing on the notice, rather

than the effort, given). Therefore, the extent of Plaintiff's limitations or efforts are irrelevant; the Court must consider *only* whether the notice provided to the government was sufficient to enable the agency to investigate the claim at issue.

## CONCLUSION

For the foregoing reason, the Court holds that Plaintiff's administrative tort claims did not give adequate notice of Plaintiff's claim for negligent post-operative care. Therefore, this claim did not satisfy the presentment requirement of the FTCA and this Court lacks subject matter jurisdiction to hear any such claim.

**IT IS THEREFORE ORDERED that** Defendant United States' Second Motion to Dismiss Plaintiff's Claims Not Raised in Her Tort Claims Notice for Lack of Jurisdiction [Doc. 87] is **GRANTED.**

Dated this 20th day of May, 2016

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Roberto D. Ortega**<br>Assistant U.S. Attorney<br>*Attorney for the Defendant* | **Scott E. Borg**<br>Barber & Borg, LLC<br>*Attorney for the Plaintiff* |